UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2025 NOV 24  AM 9: 17

-----------------------------------------------------------------------------X

ANTHONY CASIANO,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, NYPD OFFICER
NICHOLAS C. PASCUCCI Shield # 9214, SANTANA
CRUZNUNEZ Shield #03395, Deputy Inspector
MUHAMMAD ASHRAF, JOHN AND JANE DOE'S
1-6, Individually and in their Official Capacities,
                              Defendant(s).

-----------------------------------------------------------------------------X

**VERIFIED
FIRST AMENDED
COMPLAINT**

Index No.:**1:25-cv-05720 (JMF)**
Date Purchased: 07/10/2025

Plaintiff, by Pro Se, Plaintiff, ANTHONY CASIANO, for his complaint against the above Defendants,

City of New York, NICHOLAS C. PASCUCCI, SANTANA CRUZNUNEZ, Deputy Inspector

MUHAMMAD ASHRAF and John or Jane Does 1-6, individually and in their capacities

as police officers, alleges and states as follows:

1. This is a civil rights action in which the Plaintiff, ANTHONY CASIANO, seeks relief for defendants'

violations, under color of state law, of his rights, privileges and immunities secured by the 42 U.S.C. §§ 1981.

1983, 1985, 1986 and 1988, the laws of the state of New York, in addition to the self-executing clauses or

implied private causes of action within the New York State Constitution, for violations of his civil rights, as

guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of

the State of New York.

2. Plaintiff's claims arise from a October 13, 2024, incident, in which defendants, acting under color of state

law, unlawfully arrested and detained Mr. Casiano. As a direct and proximate result, Mr. Casiano was unlawfully

detained Mr. Casiano was deprived of his liberty for approximately three days and suffered serious physical and

emotional injuries. Plaintiff was then maliciously prosecuted, until the dismissal of all charges.

3. Plaintiff seeks monetary damages (compensatory and punitive) against defendants, as well as an award of

costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

4. This action arises under the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution, under U.S.C. §§ 1981, 1983, 1986 and 1988 and pursuant to the Laws and constitution of

the State of New York.

5. The Jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and

the doctrine of supplemental jurisdiction.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over

any and all state constitutional and state law claims that are so related to the claims within the original

jurisdiction of this Court that they part of the same case or controversy.

## VENUE

7. Venue is laid within the Supreme Court State of New York, County of Bronx in that Defendant City

of New York is located within and a substantial part of the events giving rise to the claims occurred within the

boundaries of the Supreme Court.

## NOTICE OF CLAIM

8.  Plaintiff filed a Notice of Claim with the City of New York on or about April 15th, 2025, within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

9.  Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

10.  At all times relevant hereto Plaintiff was and is a resident of Bronx, New York.

11.  At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter,"NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

12.  At all times relevant to this action, Defendants Police Officer(s) NICHOLAS C. PASCUCCI, SANTANA CRUZNUNEZ, Deputy Inspector MUHAMMAD ASHRAF and Police Officers John/Jane Does, are and were Police Officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

13.  At all times relevant hereto and in all their actions described herein, the Defendants Officer NICHOLAS C. PASCUCCI, SANTANA CRUZNUNEZ, Deputy Inspector MUHAMMAD ASHRAF and Officers John/Jane Does were acting under color of statues, ordinances, regulations, policies, customs, and usages

14. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the Police officers, sergeants and employees of the NYPD. They are being sued both in their individual and official capacities.

## FACTS

15. On October 13th, 2024, at approximately 12 P.M. - 3 P.M. in the vicinity of 826 Beck Street, County of Bronx, State of New York, near the 41st Precinct, County of Bronx, State of New York, Plaintiff was falsely arrested.

16. Defendants PASCUCCI, CRUZNUNEZ, ASHRAF and JOHN DOES' Police Officers were Mr. CASIANO arresting officer and signed his criminal court complaint knowingly and falsely accusing Mr. CASIANO of other charges, all of which Defendants knew to be untrue.

17. At all relevant times, Defendants did not have a valid, judicially authorized arrest warrant and/or search warrant for Mr. CASIANO.

18. At all relevant times, Defendants did not have probable cause to arrest Mr. CASIANO.

19. Defendants falsely arrested, unlawfully imprisoned and illegally searched and seized Mr. CASIANO and Mr. CASIANO'S (4) children, inside of Mr. CASIANO'S residence at 826 Beck Street, County of Bronx, State of New York, at Apartment # Basement.

20. At no time was Mr. CASIANO in actual, constructive, or statutory possession of contraband, and had not committed any crime or violation of the law.

21. Defendants did not possess probable cause or other justification for the arrest or seizure of Mr.

CASIANO'S persons or things.

22. Mr. CASIANO had multiple assaults and batteries, committed to his person, by defendants City of New York and the above named officers, including being placed in prison innocently for three years plus.

23. As a result of Defendants knowingly and intentionally made false statements and allegations, Mr. CASIANO was falsely arrested and charged with crimes that Defendants falsely claimed were committed by Mr. CASIANO.

24. At all relevant times, Defendants intentionally provided said false information that would be likely to influence a prosecutor's decision to charge plaintiff with a crime or violation of the law so that a criminal prosecution would be initiated against Mr. CASIANO.

25. Defendants were fully aware that Mr. CASIANO did not commit any crimes, but Defendants knowingly and intentionally decided to fabricate said crime to justify an otherwise invalid arrest and to ensure that Plaintiff was maliciously prosecute and ultimately convict.

26. Plaintiff was rear handcuffed by defendants and taken out of plaintiff's home by force, and placed in a NYPD vehicle to be transported to an NYPD 41st precinct, plaintiff's children were taken out of their homes by defendants and placed in a NYPD vehicle to be transported to an NYPD 41st precinct.

27. Upon arrival at said location or while plaintiff remained detained and he was illegally searched, questioned, photographed and fingerprinted by, or at the direction of Defendants, including being stripped and searched.

28. All charges against Mr. CASIANO were dismissed and sealed pursuant to CPL § 160.50, representing a termination of the criminal charges in Mr. CASIANO'S favor.

30. Defendants never possessed probable cause to believe a prosecution would succeed against Plaintiff, or that Plaintiff was guilty of any crime, as defendants were fully aware that any evidence against Plaintiff was either fraudulent or fabricated, including the observation provided by defendants, in which Mr. CASIANO falsely accused.

31. While Plaintiff was lawfully in his home and person, Defendants acting with malice, conveyed the aforementioned false, misleading and incomplete information to prosecutors in order to have Plaintiff prosecuted for various charges and felony.

32. Defendants suppressed evidence and engaged in conduct undertaken In bad faith, including the fabrication of false evidence and/or information and the gratuitous use of excessive force against Plaintiff.

33. At all times relevant hereto, Defendants PASCUCCI, CRUZNUNEZ, ASHRAF, including John or Jane Does 1-6, engaged in fraud, were involved in the decision to arrest Plaintiff without probable cause or failed to intervene when they observed others arresting Plaintiff without probable cause or using excessive force to effectuate his arrest.

34. At all times relevant hereto, Defendants PASCUCCI, CRUZNUNEZ, ASHRAF, including John or Jane Does 1-6, engaged in fraud, perjury, the suppression of evidence and other actions conducted in bad faith, or failed to intervene when Defendants observed others doing so, all in furtherance of Plaintiff's wrongful arrest and subsequent malicious criminal prosecution.

35. Plaintiff asserts that Defendants PASCUCCI, CRUZNUNEZ, ASHRAF, including John or Jane Does 1-6, who violated plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct,

which is so widespread, pervasive and consistent throughout the NYPD, and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD, and City of New York or, at the very least, conclusive evidence that the City of NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

36.  The individually named Defendants herein, as well as other officers serving in the employ of the NYPD, and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

37.  In a report by NBC Channel 4 News, New York, entitled "Ex NYPD Sergeant Accused of Assaulting Man at Homeless Shelter, Stomping on His Head More than 19 Times," by Jonathan Dienst and Joe Valiquette, horrific allegations against a former NYPD police sergeant were detailed, including his use of extreme excessive force, as well as his falsifying evidence that was forwarded to prosecutors. The former NYPD sergeant is no longer by NYPD and his criminal case is presently being prosecuted by the United States Attorney's Office for the Southern District of New York. Another article from city limits.org, entitled "CityViews: Is NYPD Oversight Really making Homeless Shelters Safer," by Daniel Castillo, discusses how the NYPD police officers have begun to jointly enforce the law within many homeless shelters, but how such added policing has only worsened the already crime riddled areas. It also details how ongoing problems have only deteriorated since the

newly enacted joint jurisdiction.

38. The New York Times, as well as numerous other reputable journalistic enterprises, have reported on the widespread corruption within the NYPD, and City of New York, particularly the incredibly disconcerting proclivity of many NYPD officers to engage in the fabrication or misrepresentation or subject matters that are materially relevant to criminal prosecutions, including the complete fabrication arrest evidence and witnesses.. Also detailed, is the NYPD's obstinate refusal to effectuate corrective or preventive measures to combat the inevitable recurrence of such misdeeds, and perhaps most troubling, the NYPD's alarming tendency to, instead, reward and promote these officers, including those who were inculpated via some incontrovertible form of evidence.

39. On March 18, 2018, The New York Times published an explosive article, entitled "Promotions, Not Punishments for Officers Accused of Lying," written by Joseph Goldstein. Mr.Goldstein shines a light on the multitude of flaws within the CCRB and the NYPD, highlighting the fact that the substantiation of a claim against an officer will invariably rely on the presence of incontrovertible proof against the officer. misconduct claims are substantiated. The CCRB is further handicapped by a terribly designed system that requires evidence of a virtually indisputable nature to substantiate any claim against an officer. The article also details the NYPD's persistent reluctance to investigate or discipline officers who lie and even posits that this reluctance is a significant cause of the lying pandemic within the NYPD. The article references various officers and detectives who were the subject of credible accusations relating to the officers' intentionally false statements, with some allegations coming from federal and state judges.

40. On September 12, 2019, The New York Times published another article by Joseph Goldstein,

entitled "Officers Said They Smelled Pot. The Judge Called Them Liars." Unsurprisingly, this article dealt with

the unusually high frequency of officers using the odor of marijuana to excuse a search that conspicuously does

not result in the recovery of any marijuana. It should not require an article in The New York Times to call

attention to such patently disingenuous tactics, but has become necessary for a variety of reasons, including the

NYPD's failure to correct such behavior, the willingness of prosecutors and judges to credit the lying officers and

the increasing rate of Occurrence.

41. On April 24, 2019, The New York Times published an article, entitled "Detective's Lies Sent Three

People to Prison, Prosecutors Charge," by Sean Piccolo, detailing the lies of NYPD Second Grade Detective

Joseph Franco and how those lies resulted in the imprisonment of at least three innocent people. The article

described how Det. Franco lied about observing drug transactions on at least three separate occasions, lies that

were only uncovered through contradictory video evidence. Det. Franco's lies resulted in the innocent

individuals each being sentenced to prison terms in excess of one-year.

42. Other articles including: (i) "Testilying' by Police: A Stubborn Problem.," by Joseph Goldstein, The

New York Times, March 18, 2018; (ii) "New York Detective Charged with Faking Lineup Results," by Joseph

Goldstein, The New York Times, February 17, 2018; (iii) "He Excelled as a Detective, Until Prosecutors

Stopped Believing Him," by Joseph Goldstein, The New York Times, October 17, 2017; (iv) "Review Board

Notes Rise in New York Police Officers' False Statement,"by J. David Goodman, The New York Times, May 14,

2015; (v) "In Brooklyn Gun Cases, Suspicion Turns to the Police," by Stephanie Clifford, The New York Times,

December 11, 2014; (vi) "Detective is Found Guilty of Planting Drugs," by Tim Stelloh, The New York Times,

November 1, 2011; and (vii) "The Drugs? They Came From the Police," by Jim Dwyer, The New York Times, October 13, 2011.

43.  The NYPD has a longstanding and ignominious record of failing to discipline its officers, or even entertaining allegations of wrongdoing against them. On June 26, 2019,The New York Times published an article, entitled "2,495 Reports of Police Bias. Not One Was Deemed Valid by the N.Y.P.D." This article reported that within the last five (5) years, almost 2,500 separate individuals have filed formal complaints with the NYPD alleging that an officer acted with bias toward them, with not a single one being substantiated by the NYPD. Such a finding is plainly incredible and obviously the result of deliberately poor or nonexistent investigatory protocols. The report further impugned the NYPD's commitment to combat the biases exhibited by many of its officers.

44.  Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or patterns and practices within the NYPD that resulted in plaintiff's arrest without probable cause.

46.  Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

47.  Defendants' actions, pursuant to plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD, and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with defendants,

should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD, and City of New York.

48. Upon information and belief, further details and facts, relating to the unlawful policies, custom or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police, officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of defendants', the NYPD, and City of New York.

49. Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City, and the NYPD were fully aware of defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD, and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, including PASCUCCI, CRUZNUNEZ, ASHRAF and John or Jane Does 1-6.

50. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages: violations of his rights pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendment of the United States Constitution, violations of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration,

extreme inconvenience, anxiety, loss of liberty and harm to family reputation.

## FIRST CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

51. Plaintiff re-alleges and re-avers Paragraph 1 through 50 of this Complaint as if fully set forth herein.

52. Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid

warrant and without reasonable suspicion or probable cause do so.

53. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to (his/her) person

and property.

54. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

55. The unreasonable searches and seizures to plaintiff's person and property were not otherwise

privileged.

56. Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures,

pursuant to the Fourth Amendment to the United States Constitution and Article I, § 12 of the New York, as

employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of respondeat

superior.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein

before alleged.

## SECOND CAUSE OF ACTION
Unlawful Search and Seizure Under

42 U.S.C. § 1942 Against Individual Defendants

58.  Plaintiff re-alleges and re-avers Paragraph 1 through 57 of this Compliaint as if fully set forth herein.

59.  Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

60.  Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his persons and property.

61.  Plaintiff did not consent to the unreasonable searches and seizures to (his/her) person or property.

62.  The unreasonable searches and seizures to plaintiff's person and property were not otherwise privileged.

63.  Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12, of the New York State Constitution.

64.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

65. Plaintiff re-alleges and reavers Paragraph 1 through 64 of this Complaint as if fully set forth herein.

66. Defendants subjected Plaintiff to false Imprisonment, and deprivation of liberty without due process.

67. Plaintiff was conscious of his confinement.

68. Plaintiff did not consent to his confinement.

69. Plaintiff's arrest and false imprisonment was not otherwise privileged.

70. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of respondeat superior.

71. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

72. Plaintiff re-alleges and re-avers Paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73. The Defendants violated the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff and Plaintiff's

Children.

74. The wrongful, unjustifiable, and unlawful apprehension, arrest, illegal entry into Plaintiff's residence, detention, and imprisonment of Plaintiff was carried out without a valid warrant and/or search warrant without Plaintiff's consent, and without probable cause or reasonable suspicion.

75. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

76. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Assault and Battery Under New York State Law

77. Plaintiff re-alleges and re-avers Paragraph 1 through 76 of this Complaint as if fully set forth herein.

78. Defendants made plaintiff and plaintiff's children fear for his/her physical well-being and safety and placed his/her in apprehension of immediate harmful and/or offensive touching.

79. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and arresting the plaintiff without his consent.

80. Defendants City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

81. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore

alleged.

## SIXTH CAUSE OF ACTION

Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants   .

82. Plaintiff re-alleges and re-avers Paragraphs 1 through 81 of this Complaint as if fully set

forth herein.

83. The Defendants violated Plaintiff's rights under the Fourth Eighth and Fourteenth

Amendments, because they used unreasonable force without Plaintiff's consent.

84. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive

touching and battered into his home without Plaintiff's consent.

85. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore

alleged.

## SEVENTH CAUSE OF ACTION

Malicious Prosecution Under
New York State Law

86. Plaintiff re-alleges and re-avers Paragraph 1 through 85 of this Complaint if fully set forth

herein

87. Defendants initiated the prosecution against Plaintiff.

88. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution

would succeed.

89. Defendants acted with malice.

90. The prosecution was terminated in Plaintiff's favor when all criminal charges were

dismissed and sealed.

91. Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of respondeat superior.

92. As a direct and proximate result of this breach, Plaintiff sustained the damages

hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

93. Plaintiff re-alleges re-avers Paragraphs 1 through 92, of this Complaint as if fully set forth

herein.

94. Defendants initiated the prosecution against Plaintiff.

95. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution

would succeed.

96. Defendants acted with malice.

97. The prosecution was terminated in Plaintiff's favor when all criminal charges were

dismissed and sealed.

98.   Accordingly, Defendants violated Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendment rights.

99.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
### Denial of Rights to Fair Trial Under
New York State Law

100.   Plaintiff re-alleges and re-avers Paragraphs 1 through 99 of this Complaint as if fully set forth herein.

101.   Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision and forwarded said false information to the New York County District Attorney's Office.

102.   Defendants' actions deprived Plaintiff of his right to a fair trial and caused post-arraignment restrictions to be imposed on his liberty and freedom of movement.

103.   Accordingly, defendants violated Plaintiff's right to Fair Trial, pursuant to the Sixth and Fourteenth Amendments to United States Constitution, Article I, Section 1, 2 and 6 of the New York State Constitution, as well Article II, Section 12, of the New York State Civil Rights Law.

104.   Defendant City, as employer of the individual Defendants, is responsible for their

wrongdoings under the doctrine of respondeat superior.

105.  As a direct and proximate result of this unlawful conduct, Plaintiff' sustained the

damages hereinbefore alleged.

### TENTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

106.  Plaintiff re-alleges and re-avers Paragraphs 1 through 105 of this Complaint as if fully

set forth herein.

107.  Defendants fabricated false evidence (report) to be used against Plaintiff that was

likely to influence a jury's decision and forwarded said false information to the New York County

District Attorney's Office.

108.  Accordingly, defendants violated Plaintiff's right to a fair trial, pursuant to the Sixth

and Fourteenth Amendments to United States Constitution, Article I, Sections 1, 2 and 6 of the New

York State Constitution, as well Article II, Section 12, of the New York State Civil Rights Law.

109.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

### ELEVENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

110.   Plaintiff re-alleges and re-avers Paragraphs 1 through 109 of this Complaint as if fully set forth herein.

111.   Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene and prevent such conduct and failed to intervene.

112.   Defendants City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

113.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
### Failure to Intervene Under
### 42 U.S.C. § 1983 Against Individual Defendants

114.   Plaintiff re-alleges and re-avers Paragraphs 1 through 113 of this Complaint as if fully set forth herein.

115.   Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

116.   Accordingly, the Defendants who failed to intervene violated the Fourth and

Fourteenth Amendments.

117.  Accordingly, the Defendants who failed.

118.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

### THIRTEENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

119.  Plaintiff re-alleges and re-avers Paragraphs 1 through 118 of this Complaint as if fully set

forth herein.

120.  Defendants arrested, detained and caused a criminal prosecution to be initiated against

Plaintiff to prevent the termination of their employment due to their unlawful acts.

121.  Defendants had no excuse or justification to forcibly entered the home and detain and

initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

122.  Defendants intended to inflict substantial harm upon Plaintiff.

123.  Defendants acts were in the furtherance of their own self-interests and committed

so that defendants would avoid termination and any other negative consequences that would have

rightfully resulted from their illegal acts.

124.  Defendants abused the legal process to conceal their unlawful acts against Plaintiff and

receive credit for an otherwise invalid and illegal arrest.

125.   Defendants City, as employer of the individual Defendants, is responsible for their

wrongdoing under the doctrine of respondeat superior.

126.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

### FOURTEENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

127.   Plaintiff re-alleges and re-avers Paragraphs 1 through 126 of this Complaint as if fully set

forth herein.

128.   Defendants arrested, detained and caused a criminal prosecution to be initiated against

Plaintiff to prevent the termination of their employment due to their unlawful acts.

129.   Defendants had no excuse or justification to forcibly enter the home, detain and initiate

a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

130.   Defendants intended to inflict substantial harm upon Plaintiff.

131.   Defendants acts were in the furtherance of their own self-interest and committed so that

defendants would avoid termination and any other negative consequences that would have rightfully

resulted from their illegal acts.

132.   Defendants abused the legal process to conceal their unlawful acts against Plaintiff and

receive credit for an otherwise invalid and illegal arrest.

133.  Defendants' actions deprived Plaintiff of his right to free from illegal searches and

seizures, as well as his right not to be deprived of his liberty without due process of law and to be free

from cruel and unusual punishment.

134.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

### FIFTEENTH CAUSE OF ACTION
Negligent Hiring, Retention and Supervision Under
New York State Law

135.  Plaintiff re-alleges and re-avers Paragraph 1 through 134 of this Complaint as if fully

set forth herein.

136.  Defendant City owed a duty of care to Plaintiff to adequately hire, retain and supervise

its employee defendants.

137.  Defendant City breached that duty of care.

138.  Defendant City placed defendants in a position where they could inflict foreseeable

harm.

139.  Defendant City knew or should have known of its employee defendants' propensity

for violating the individual rights granted under the United States Constitution and the laws of the

State of New York, prior to the injuries incurred by Plaintiff.

140.  Defendant City failed to take reasonable measures in hiring, retaining and supervising

its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

141.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

**SIXTEENTH CAUSE OF ACTION**
Municipal "Monell" Liability Under
42 U.S.C. § 1983 Against Defendant City

142.    Plaintiff re-alleges and re-avers Paragraphs 1 through 141 of this Complaint as if fully

set forth herein.

143.    Defendant City maintained a policy or custom that caused plaintiff to be deprived of

his civil rights, tacitly approved of such violate conduct or was deliberately indifferent towards the

potential exposure of individuals, such as plaintiff, to such violative behavior.

144.    Defendants City's employee police officers have engaged in an illegal pattern and

practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a

supervisor or policymaker must have been aware of.

145.    Defendant City, its policymaker and supervisors failed to provide adequate training or

supervision to their subordinates, to such an extent that is tantamount to the City's deliberate

indifference toward the rights of those who may come into contact with defendant City's employees.

146.    Defendant City's engaged in such egregious and flagrant violations of plaintiff's

Constitutional rights that the need for enhanced training or supervision is obvious and equates to a

display of deliberate indifference by defendant City and its policymakers toward the rights of

individuals, who may come into contact with defendant City's employees.

147.  Defendant City's repeated refusal or failure to install or apply corrective or preventive

measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the

rights of those who may be affected by such behavior.

148.  Defendant City's conduct caused the violation of plaintiff's civil rights enumerated

within the Constitution of the United States.

149.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the

damages hereinbefore alleged.

**WHEREFORE,** Plaintiff respectfully request judgment against Defendants, jointly and

severally, as follows:

a)  On the First Cause of Action, in a sum of money having a present value which exceeds the

jurisdiction of this matter;

b)  On the Second Cause of Action, in sum of money having a present value which exceeds the

jurisdiction of this matter;

c)  On the Third Cause of Action, in sum of money having a present value which exceeds the

jurisdiction limits of all lower courts which would otherwise have jurisdiction of this

matter;

d)  On the Fourth Cause of Action, in sum of money having a present value which exceeds the jurisdiction of this matter;

e)  On the Fifth Cause of Action, in sum of money having a present value which exceeds the jurisdiction of this matter;

f)  On the Sixth Cause of Action, in sum of money having a present value which exceeds the jurisdiction of this matter;

g)  On the Seventh Cause of Action, in sum of money having a present value which exceeds the jurisdiction of this matter;

h)  On the Eighth Cause of Action, in sum of money having a present value which exceeds the jurisdiction of this matter;

i)  On the Ninth Cause of Action, in sum of money having a present value which exceeds the jurisdiction of this matter;

j)  On the Tenth Cause of Action, in sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

k)  On the Eleventh Cause of Action, in sum of money having a present value which exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction of this matter;

l)   On the Twelfth Cause of Action, in sum of money having a present value which exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction of this matter;

m)   On the Thirteenth Cause of Action, in sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

n)   On the Fourteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction of this matter;

o)   On the Fifteenth Cause of Action, in sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

p)   On the Sixteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

q)   Awarding Plaintiff punitive damages in an amount to be determined by a jury on all causes of action set forth herein;

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Bronx, New York
      November 24th, 2025

Yours, etc.,

Anthony Casiano
Pro se-Attorney for Plaintiff(s)
ANTHONY CASIANO
826 Beck Street, Apt # BSMT
Bronx, New York 10459
(917) 923-0398

TO:

City of New York
100 Church Street
New York, NY 10007

NICHOLAS C. PASCUCCI, Shield No. 9107
New York City Police Department
41st Precinct
1035 Longwood Ave
Bronx, NY 10459

SANTANA CRUZNUNEZ, Shield No. 03395
New York City Police Department
41st Precinct
1035 Longwood Ave
Bronx, NY 10459

Deputy Inspector MUHAMMAD ASHRAF
New York City Police Department
47th Precinct
4111 Laconia Avenue
Bronx, NY 10466

John/Jane Doe's Police Officers yet unidentified
1035 Longwood Avenue
Bronx, Ny 10459