RECEIVED
SDNY PRO SE OFFICE

2026 JAN -7 PM 4: 31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

ANTHONY CASIANO,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, NYPD OFFICER
NICHOLAS C. PASCUCCI Shield #9214,
SANTANA CRUZNUNEZ Shield #03395,
Deputy Inspector MUHAMMAD ASHRAF,
JOHN and JANE DOE'S 1-6 individually and
officially in their capacities as officers,

            Defendant(s).

————————————————————————X

Date: 1 / 6 / 2026
Index No. 1:25-cv-05720 (JMF)

Amended Motion Application
for Pro Bono Counsel

Motion-Letter

**BY ECF PRO SE OFFICE**
Honorable Jesse M. Furman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    Anthony Casiano v. City Of New York, et al.,
                  25-CV-5720 (JMF)

Your Honorable Judge Jesse M. Furman.:

    I am the Pro Se, Plaintiff, Anthony Casiano, to the above-referenced matter. Pro Se, Plaintiff, submitted an application to request for Pro Bono Counsel. See ECF No. 20. Such previous application had been denied without prejudice. See ECF No. 22. Allowing Pro Se,

Plaintiff, Anthony Casiano, to renew an application to request for Pro Bono counsel as the existence of a potentially meritorious claim may be demonstrated.

Plaintiff, Anthony Casiano, will show this Honorable Court why such a request for an application for Pro Bono Counsel may be granted.

28 U.S.C. Section 1915(e)(1) a court may request an attorney to represent a person who has been granted permission to proceed in forma pauperis in the action and is unable to afford counsel.

(a) The claim has merit;

(b) The Pro Se, Plaintiff, lacks the ability to present an effective case without an attorney due to injuries that require surgery, and future medical treatment, Plaintiff had an Emergency Spine Surgery done February 1, 2025, and is taking (Oxicodone), a prescribed substance medication given by Plaintiff's Medical Doctor, Plaintiff has had additional Spine Surgery Performed on December 22nd, 2025. See attached exhibit(s), (A)(B);

(c) The legal issues are complex or, Plaintiff lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;

(d) Factual investigation will be necessary and the party is not adequately able to pursue said investigation;

(e) The case is likely to turn on credibility determinations;

(f) The case will require expert testimony;

(g) The party is unable to attain and afford counsel on his/her own behalf;

(h) The case involves the violations of the rights secured by the Constitution, State and Federal Laws, 4th, 8th, 14th Amendment et seq;

(i) Pro Se, Plaintiff, Anthony Casiano, has called numerous law firms in respect to the above-referenced matter and none are able to take this Civil Case filed at the Southern District of New York Pro Bono;

(j)  Pro Se, Plaintiff, Anthony Casiano, has been granted permission to proceed in forma pauperis on this Civil action 25-CV-5720 See Document # 8;

(k)  Pro Se, Plaintiff, Anthony Casiano, submits to this Honorable Court Pictures taken by Stephanie P. the primary tenant lease holder of 826 Beck Street, Bronx, New York 10459, Apartment # Basement, and can be omitted into discovery process, such Photo Pictures will demonstrate, John and/or Jane Doe's Defendant(s), Police Officer(s), in the apartment where Plaintiff resides with family and their 4 Children, the photo pictures will demonstrate what appears to be Police Officer(s) from the New York City Police Department Emergency Service Unit also known as (ESU), tampering with evidence of illegal acts committed by the Defendant(s), by welding, drilling screws, into metal plates in order to permanently shout Plaintiff(s) resident apartment fire exit door to Plaintiff(s) apartment, Plaintiff has the right to know who are John and/or Jane Doe whom entered Plaintiff's (Apt) and sealed the door shout from the inside out and not report it to its proper channels, Sealing Plaintiff's fire Exit Door,

I declare under the penalties of perjury that my answers to the foregoing questions/information are true to the best of my knowledge.

Signed this __6__ day of January, 2026

_____
Signature of applicant

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for counsel Plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). In reviewing a request for counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant a request for counsel indiscriminately. *Cooper*, 877 F.2d at 172.

The Court sympathizes with Plaintiff's medical condition, but his renewed application does not contain any new information that affects his likelihood of success on his claims. Accordingly, it is hereby ORDERED that plaintiff's renewed application for counsel is DENIED without prejudice to renewal in the event that Defendants' anticipated motion to dismiss, *see* ECF No. 24, is denied. The Clerk of Court is directed to terminate ECF No. 25.

SO ORDERED.

January 9, 2026